IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

U.S. DISTRICT COURT
FILED AT WHEELING, WV

JUL - 3 2007

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

**CHARLES E. RASH,**

    Petitioner,

v.            **CIVIL ACTION NO. 3:05-CV-127**
             **CRIMINAL ACTION NO. 3:01-CR-25**
             (BAILEY)

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of proposed report and a recommendation ["R & R"]. Magistrate Judge Seibert filed his R & R on March 9, 2007 [Civ. Doc. 6]. In that filing, the magistrate judge recommended that this Court grant the United States' Motion to Dismiss [Crim. Doc. 554] and deny the petitioner's application under 28 U.S.C. § 2255 and to dismiss it with prejudice as untimely.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due by March 23, 2007, within ten (10) days after being served with a copy of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Objections were filed May 17, 2007 [Civ. Doc. 8]. Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation to which the petitioner did not object will be reviewed for clear error.

## II. Factual and Procedural Background

On November 8, 2005, the *pro se* petitioner, Charles Emanuel Rash, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Maryland. The Maryland court determined that the petitioner's § 2241 petition was actually a challenge to the validity of his federal sentence, and therefore, construed the petition as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Because the petitioner's judgment of conviction was entered in this Court, the motion was transferred here on November 17, 2005. On March 30, 2006, the magistrate judge conducted a preliminary review of the petitioner's § 2255 motion and determined that it appeared untimely. Accordingly, the Court issued a notice pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), advising the petitioner that his motion would be recommended for dismissal absent a sufficient explanation. On April 3, 2006, the United States filed a motion to dismiss the petitioner's § 2255 motion as untimely. After the granting of an extension of time, the petitioner filed a response to the Court's *Hill v.*

*Braxton* Notice on November 13, 2006. The petitioner also filed a supplemental response that same day.

### III. One-Year Time Limitation

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. The limitation period shall run from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The AEDPA statute of limitations is subject to equitable modifications such as tolling. *Harris v. Hutchinson*, 209 F.3d 325, 328-29 (4th Cir. 2000). However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond

his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

## IV. Analysis

The petitioner was sentenced on July 9, 2002. The petitioner filed a direct appeal of his conviction and sentence on July 22, 2002. The petitioner's direct appeal was dismissed on July 10, 2003. Because the petitioner did not file a petition for writ of certiorari with the United States Supreme Court, his judgment of conviction became final when the time for seeking such review expired, or on October 9, 2003. *Clay v. United States*, 537 U.S. 522 (2003). Accordingly, under AEDPA, the petitioner had until October 9, 2004, to timely file a § 2255 motion. Thus, the instant motion, originally filed in the United States District Court for the District of Maryland on November 8, 2005, is clearly untimely, and should be dismissed unless the petitioner can show that he is entitled to equitable tolling.

In his response to the Court's *Hill v. Braxton* Order, the petitioner does not dispute that his § 2255 motion is untimely. Instead, the petitioner argues that he should be allowed to proceed under § 2255 pursuant to the principles of equitable tolling. In support of this claim, the petitioner first argues that he never received notice from the Fourth Circuit Court of Appeals that his appeal had been dismissed. Second, the petitioner asserts that his appellate counsel never sent him any letters or other materials advising him that his appeal had been dismissed. Third, petitioner asserts that on July 16, 2003, he wrote a letter to the district court requesting copies of various records including his sentencing transcripts. The petitioner received those documents. The petitioner also requested and obtained a copy of his docket sheet from the Clerk of Court on an undisclosed date because he had

not heard anything in his case. The petitioner also wrote to the Fourth Circuit requesting the status of his appeal and was informed that his appeal had been dismissed. Petitioner alleges that he received that response on March 10, 2005. The petitioner then asserts that he inquired with both the district and circuit courts regarding the lack of notification upon the dismissal of his appeal. The petitioner alleges that both courts advised him to contact his appellate counsel.

Based on these alleged facts, the petitioner asserts that he could not have timely filed his § 2255 motion because he did not know that his direct appeal had been dismissed until March 10, 2005, approximately five months after his one-year limitation period had run under § 2255. During the time between the filing of his appeal and notification of its dismissal, the petitioner asserts that he assumed his appeal was still pending. The petitioner further asserts that his § 2255 motion has merit and is not frivolous. The petitioner asserts that the circumstances in this case are extraordinary, in that he had no knowledge that his appeal had been dismissed and further, that any orders sent to him during this time may have been lost due to the fact that he was transferred between institutions. Therefore, the petitioner asserts that he should be allowed to proceed.

Assuming that the petitioner did not receive a copy of the dismissal of his appeal, it is abundantly clear that if petitioner had simply made a timely inquiry with the Clerk of Court at either the district or circuit court, he would have known his appeal had been dismissed and could have timely filed his § 2255 motion. Instead, the petitioner chose to "assume" that his appeal was still pending, even though he had not heard anything from the Court in more than two years. The petitioner admits that whenever he requested documents or information about the status of his case from the Clerk, he was given the

requested information. It was not outside of the petitioner's abilities to obtain the status of his appeal, even if he did not receive proper notification from either the Court or his counsel.

Accordingly, the petitioner has failed to meet the requirements for equitable tolling. The petitioner has not shown that extraordinary circumstances existed that were beyond his own conduct or control that prevented him from timely filing his § 2255 petition. Rather, the petitioner was simply not diligent in his efforts to pursue appellate and collateral relief. Therefore, it is not unconscionable to enforce the limitation period against petitioner and he should not be entitled to equitable tolling.

## V. Conclusion

It is the opinion of the Court that the **Magistrate Judge's Report and Recommendation** [Civ. Doc. 6] should be, and is, hereby **ORDERED ADOPTED**. Accordingly, the Court hereby **DENIES** the petitioner's application under 28 U.S.C. § 2255 as untimely and **DISMISSES** this matter **with prejudice**.

The Clerk is directed to mail true copies of this Order to all counsel of record and the pro se petitioner.

**DATED:** July 2, 2007.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE